**ELLIS et al. v. JEFFERSON STANDARD LIFE INS. CO.**

No. 3124.

Court of Civil Appeals of Texas. El Paso.

Jan. 17, 1935.

Rehearing Denied Jan. 31, 1935.

Vern D. Adamson and L. L. Montgomery, both of Dallas, for appellants.

Seay, Malone & Lipscomb, of Dallas, for appellee.

WALTHALL, Justice.

This appeal is prosecuted from an order of the district court of Dallas county, appointing a receiver. There is practically no controversy as to the facts. We will state the facts made by the pleadings as succinctly as we can to make clear the propositions contended for by the appellants and appellee.

On March 16, 1925, Jefferson Standard Life Insurance Company lent to Mrs. Pearl Davis the sum of $30,000, and to evidence and to secure the repayment of the loan, Mrs. Davis executed her note for $30,000 payable in annual installments and executed her deed of trust upon lot 3 in block 54 of Oak Cliff in the city of Dallas, Dallas county, Tex. On July 30, 1932, Dave Ablovich, being then the owner of said realty, conveyed it to the appellant Mrs. Ellis, the consideration being, among other things, that Mrs. Ellis took title to the property subject to a balance of $19,500 owing on the aforesaid note and, further, that she executed her promissory note for $2,000, payable to the order of Dave Ablovich in monthly installments of $50 each, said note being secured by an inferior vendor's lien against the property, by a deed of trust to R. P. McGuire, trustee, and by a chattel mortgage upon the furniture located in the apartment house situated upon said realty. On July 30, 1932, Dave Ablovich, the payee in said note for $2,000, conveyed it and the liens securing its payment to Ralph A. Porter; and on June 14, 1933, Ralph A. Porter conveyed said note and the liens securing its payment to Jefferson Standard Life Insurance Company, Jefferson Standard Life Insurance Company, at the time of the hearing below, was the owner and holder of this original first lien $30,000 note and of the second lien $2,000 note.

On June 5, 1933, Mrs. Ellis and her husband filed suit in the district court of Dallas county against Jefferson Standard Life Insurance Company and John C. Cox, substitute trustee, alleging that Mr. Cox had been substituted as trustee in the deed of trust securing the note for $30,000; that she was in default in the payment of the note; that the

property described in the deed of trust was posted for trustee's sale for the first Tuesday in June, 1933, and she asked for a temporary injunction restraining the holding of said sale, alleging as grounds therefor, amongst other things, the provisions of the 1933 Moratorium Act (Vernon's Ann. Civ. St. art. 2218b). Upon presentation of said petition to the judge of the Fourteenth district court of Dallas county, a temporary restraining order was granted until June 15, 1933. Although the transcript does not so show, a temporary injunction was granted against the appellee, Jefferson Standard Life Insurance Company, on June 15, 1933. On July 25, 1933, Jefferson Standard Life Insurance Company filed a motion to dissolve this temporary injunction and a cross-action against appellants. In this pleading, the attorneys for Jefferson Standard Life Insurance Company prayed for the following relief: (1) That the temporary restraining order theretofore granted be dissolved; (2) that an affirmative injunction be granted in favor of Jefferson Standard Life Insurance Company against Mrs. Ellis and her husband, restraining them from interfering with the prosecution of the foreclosure by Jefferson Standard Life Insurance Company, and, as an alternative plea, the following: "Your cross-plaintiff (Jefferson Standard Life Insurance Company) would show that in the event this Honorable Court should not dissolve the temporary injunction heretofore issued, and should refuse cross-plaintiff (the insurance company) its injunction as hereinafter prayed for, that cross-defendants (Mrs. Ellis, et vir) should be required to pay into the registry of this Court all of the rents, revenues and income from said property, pending a final disposition of this case upon its merits or, in the alternative, this Court should appoint a receiver or other disinterested person to take charge of said property, operate and manage the same pending a final disposition of this case; that such receiver or person appointed to manage said property should keep, maintain and retain the income therefrom and in the event said property should sell for an amount insufficient to satisfy cross-plaintiff's lien and debt, that such rents and income should be applied upon any balance that might remain due and owing the cross-plaintiff after the sale of such property has been had and proceeds applied in conformity with the terms and provisions of cross-plaintiff's lien and debt." Still further appellee prayed that in the event the temporary injunction should not be dissolved and in the event the court should not grant its prayer for an affirmative injunction against appellants, then it asked for judgment on its debt and lien and for foreclosure of its lien. Upon a hearing held on September 30, 1933, the trial judge dissolved the temporary injunction theretofore issued against appellee, but no action was had upon appellee's prayer for an affirmative injunction against the appellants. With the litigation in this status, the substitute trustee, John C. Cox, proceeded after notice to hold a trustee's sale under the first lien deed of trust on November 7, 1933. At such sale, Jefferson Standard Life Insurance Company became the purchaser of the realty on a bid of $16,000, and the substitute trustee executed and delivered to it a substitute trustee's deed purporting to vest it with title to said realty. Thereupon, Jefferson Standard Life Insurance Company filed its first amended original answer and cross-action on January 11, 1934, in which it prayed for judgment for the amount owing on its first lien note of $30,000, for foreclosure of its deed of trust lien against the property securing its payment, for judgment upon the second lien note of $2,000, for foreclosure of its deed of trust lien against the realty securing its payment, and for foreclosure of the chattel mortgage lien securing the payment of such note, which chattel mortgage lien was against the furniture in the apartment house on this realty. In this same pleading, the insurance company alleged that no interest had been paid on the first lien note since September 16, 1932; that none of the principal installments on the note maturing after March 16, 1932, had been paid; that no taxes had been paid upon said realty since 1930; that it had had to advance $1,257.58 for taxes to protect its lien; that the plaintiffs had failed to keep the property insured, and the insurance company had had to take out policies of insurance at its own expense for its protection; that the plaintiffs had never paid any installment upon the second lien note for $2,000; that the plaintiffs had rented fifteen of the sixteen apartments in this building and were devoting the rents to their own uses and were not using any part thereof to pay the interest, taxes, insurance, or principal installments upon the incumbrances against the property; that the improvements were not being kept in repair but were being suffered to become damaged and injured and that the value of the security was being constantly lessened; that the plaintiffs were insolvent; that the realty and personalty securing the aforesaid incumbrances were not of sufficient value to pay the defendant's debt against them; and that there was no fund or other source from

which any of the carrying charges or principal installments upon the incumbrances could be paid, except from the rentals from the apartments. Defendant prayed for the appointment of a receiver to take charge of the said property (except the apartment occupied by the plaintiff Mrs. Ellis) and to maintain the same pending the disposition of its action of foreclosure. The plaintiffs (appellants) filed a supplemental petition in answer to this pleading of Jefferson Standard Life Insurance Company in which they set up, among other defenses to said application for a receiver, that the lien of the first deed of trust had been wiped out by the trustee's sale of November 7, 1933, that said lien had ceased to exist, and that the defendant had no legal right to ask for a foreclosure of the lien or for a receivership pending the trial of its foreclosure action. Upon a hearing held on January 20, 1934, the trial court appointed J. F. Bell as receiver for this property, save and except for the apartment occupied by Mrs. Ellis. Appellants gave notice of appeal from this order appointing a receiver, but did not prosecute the appeal. Subsequently, on February 27, 1934, appellants filed a motion to vacate the receivership, setting up as grounds for such motion substantially the same grounds set out in their supplemental petition filed on January 20, 1934. The trial court denied appellants' application to vacate the receivership on March 31, 1934, and from the action of the trial court in so denying said application, appellants prosecute this appeal.

### Opinion.

Appellants contend that by pursuing its nonjudicial remedy by trustee's sale of November 7, 1933, under the first lien deed of trust, that being a proper pleading and prayer, appellee thereby abandoned its remedy of foreclosure by decree of court with order of sale; that where the appellee has proceeded under the deed of trust with power of sale, and sells the property and buys the property in and receives a deed from the trustee and places the deed of record, it thereby has elected its remedy between its two inconsistent remedies, and thereafter amends its pleadings and therein asks for a foreclosure of its lien by order of court, and a resale of the property, by proceeding under the deed of trust to the extent of a sale the lien under the deed of trust is foreclosed and extinguished, and appellee cannot thereafter under its alternative plea have a judicial sale of the property, and the ap-

pointment of a receiver to take charge of the property.

Appellants make the further contention that where appellee holds the two separate notes secured by separate deeds of trust liens upon the same property, and forecloses the senior lien at trustee's sale without reservation as to the junior lien, and at such sale becomes the purchaser, all its title or equity is merged in the foreclosure and precludes a second foreclosure under the inferior lien. Under the contentions made, appellants insist that appellee's right to judicial foreclosure of the lien and receivership has been extinguished; that it is an abuse of discretion on the part of the trial court to appoint a receiver.

This case is before us solely upon the question of the power of the trial court, under the facts disclosed by the record, to appoint a receiver of the properties. Article 2293 of the Revised Civil Statutes 1925, authorizes the appointment of a receiver in action "by a creditor to subject any property or fund to his claim." Such is the action of appellee in this suit. The suit is still pending in the trial court, and appellants are in possession of the property and using same, and the record shows they are not applying the rents and revenues to the debts which they admit they owe.

■ The question of the appointment of the receiver is addressed primarily to the discretion of the trial court. The ground upon which appellants in their motion to vacate the appointment of the receiver was that the foreclosure of the deed of trust extinguished the lien on the property and that appellee was thereby estopped to seek a foreclosure of the lien through a decree of the court.

Appellee's application for the appointment of the receiver in its cross-action is lengthy; it embraces all the facts of the cross-action including the $30,000 debt as pleaded and the $2,000 indebtedness on the personal property including a statement of the two liens. The interlocutory decree appointing the receiver did not dispose of appellee's cross-action for debt.

■■ No final judgment in the suit or on the cross-action has been entered on the merits. The interlocutory order appointing a receiver cannot, as a rule, and does not under the facts and circumstances here, operate as a final judgment. Until a final decree is entered an interlocutory order is subject to the control of the trial court and

open to reconsideration and revision. 26 Tex. Juris. p. 81, and cases cited.

We have concluded that a consideration and determination of the matters presented in the propositions other than the one here considered is not essential to the determination of the appointment of the receiver. In fact, the questions of the election of remedy, the effect of the foreclosure of the deed of trust as an estoppel to appellee's right to a judicial sale, and other questions presented and discussed by appellants in their brief, have not been finally passed upon by the trial court, no final judgment having been entered, and it would not be proper for this court at this time to suggest an opinion on the questions presented.

We have found no sufficient ground for setting aside the appointment of the receiver, and for that reason the case is affirmed.