Herbert **FRIEDA,** Individually and Doing Business as Floresville Butane Company, Appellant,

v.

A. W. **KROESCHE,** Individually and Doing Business as Butane Gas and Equipment Company, Appellee.

No. 12981.

Court of Civil Appeals of Texas.

San Antonio.

March 14, 1956.

Rehearing Denied April 11, 1956.

Clark Murray, Floresville, for appellant.

Davis, Clemens, Knight & Weiss, San Antonio, for appellee.

PQPE, Justice.

This is an appeal from an order appointing a receiver, and is not an appeal on the merits of the case. A. W. Kroesche, d/b/a Butane Gas and Equipment Company, sued Herbert Frieda, d/b/a Floresville Butane Company, for a declaratory judgment with reference to a contract and also for foreclosure of a chattel mortgage. On February 23, 1954, Kroesche contracted to sell his butane business and certain property to Frieda. Frieda defaulted upon his installment payments. Frieda admits the default, but urges that the contract defeats any right on the part of Kroesche to an action for money or for a receivership. Frieda urges that the contract provided exclusively for liquidated damages in the event of default. The provision relied upon is:

"If any monthly installment of such purchase price of any part thereof is not paid when due, or if Frieda fails to pay when due any amount due for fuel or storage charges, or if Frieda should default in the performance of any covenant or agreement herein contained and such default shall continue for as long as five days, Kroesche may, at his option, * * * cancel this agreement and retake possession of the property, * * * and all payments previously made by Frieda shall be retained by Kroesche as rental for the use of the property and as liquidated damages, * * *."

We find no error, under the record, in the appointment of the receiver. The clause provides that Kroesche "may at his option" cancel the agreement. The record does not reveal that Kroesche has exercised the option which would bring into operation the liquidated damage provision. We do not reach the question whether recovery of liquidated damages is the exclusive remedy for Kroesche. After the parties made the contract in 1954, Frieda on another account owed Kroesche $4,898.76. To secure that debt, he executed a chattel mortgage, on property other than that covered by the contract of February 23, 1954. Frieda was in default on his monthly installments of $500, which he agreed to pay in discharge of the mortgage.

The court found that the property was in danger of being lost, removed and materially injured, and that the appointment of a receiver was necessary. In our opinion, the court did not abuse its discretion in appointing the receiver. Art. 2293, § 2, Vernon's Ann.Civ.Stats.; Ellis v. Jefferson Standard Life Ins. Co., Tex.Civ. App., 78 S.W.2d 645.

The judgment is affirmed.